In re Application of Bower.

[Cite as *In re Application of Bower* (1992), 65 Ohio St.3d 429.]

(No. 92–1889—Submitted November 10, 1992—Decided December 11, 1992.)

*American Civil Liberties Union of Ohio, Kevin O'Neill* and *William Saks,* for applicant.

*Charles J. Lally,* for Cleveland Bar Association.

---

*Per Curiam.* Admission to the practice of law in Ohio requires the applicant:

" \* \* \* [T]o establish by clear and convincing evidence the applicant's present character, fitness, and moral qualifications for admission to the practice of law in Ohio." Gov.Bar R. I(11)(C)(6).

After thorough review of the evidence, we find that applicant has not sustained her requisite burden of proof.

Applicant suggests that any unfavorable assessment of her mental fitness was not based on her current psychological state, but instead derived from events occurring over a decade ago. We, however, find it unnecessary to return to 1981 to find evidence of mental instability. We are particularly concerned by a 1991 incident involving a Cleveland attorney for whom applicant agreed to do research as part of the job application process. At some point during her endeavors, applicant became convinced that the attorney's proposed legal strategy was wrong. Applicant did not discuss the situation with the attorney, but instead wrote to the presiding trial judge and Attorney General with her suspicions. Applicant took this action despite an awareness of the possible prejudicial impact her accusations might have on the attorney or his client.

Equally disturbing is the follow-up letter that applicant sent to the Disciplinary Counsel of this court. There, applicant revealed her belief that the attorney for whom she did research "is not alive anymore, and that someone else is using his identity." She further suggested that the individual may be trying to sabotage the client's case in order to "stiff" applicant, but she did not explain why she would be targeted for such action. Applicant claimed to have suffered "severe emotional distress" because of the situation and was "too emotionally distraught to look for work."

When viewed together with the medical evidence, applicant's actions may be more than just atypical examples of thinking under stress that we consider normal in the practice of law. Drs. Pagano and Koricke agreed that stress could trigger confused thinking by applicant in the future. Dr. Koricke conceded that it would be a "tough call" as to whether applicant could mentally handle the rigors of the legal profession. We thus find that

applicant has not demonstrated, by clear and convincing evidence, her fitness to practice law at this time.

Accordingly, we adopt the findings of fact and recommendation of the board. We hereby deny applicant's application to take the bar examination. Applicant may not reapply for admission sooner than for the July 1993 examination, with admission to be contingent upon further character and fitness review and a successful demonstration of her fitness to practice law.

*Judgment accordingly.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.