**[This opinion has been published in *Ohio Official Reports* at 79 Ohio St.3d 52.]**

IN RE APPLICATION OF NEMEC.

**[Cite as In re Application of Nemec, 1997-Ohio-406.]**

*Attorneys at law—Application to take Ohio Bar Examination denied, when—*
*Applicant permitted to reapply to take the July 1998 bar examination.*

(No. 97-412—Submitted March 31, 1997—Decided June 18, 1997.)

ON REPORT by the Board of Commissioners on Character and Fitness of the
Supreme Court, No. 149.

————————————

{¶ 1} On April 1, 1996, applicant Andrew Nemec of Cleveland, Ohio, filed an application to take the July 1996 Ohio bar examination. On July 9, 1996, applicant was informed that the Joint Admissions Committee of the Cleveland/Cuyahoga County Bar Association ("committee") recommended that his application for admission to practice law "be approved with qualifications." The committee's recommendation of qualified approval was based upon a finding of an existing alcohol dependency. Pursuant to Gov. Bar R. I(11)(E), any approval other than an unqualified approval is deemed a recommendation that the applicant not be admitted to the practice of law. On July 25, 1996, the applicant appealed the recommendation of the committee to the Board of Commissioners on Character and Fitness of the Supreme Court ("board").

{¶ 2} At a December 1996 hearing, a panel of the board found that applicant was involved in various alcohol-related traffic incidents from 1983 through 1995. As part of a traffic offense conviction in 1994, applicant was required to attend a driver intervention program, at which time he was assessed as "alcohol-dependent episodic," and an alcohol treatment program was recommended. The panel found that at the time of his interview with the committee in 1996 applicant had just recently made an appointment with Ohio Lawyers Assistance Program ("OLAP")

personnel for an assessment regarding his treatment. The panel found that following his interview applicant began the treatment program, during which he admitted that he was using cocaine, a fact not revealed to the committee. The panel found that at the time of its hearing applicant had completed his treatment program, abstained from all alcohol and drug use, and adhered to the requirements of his contract with OLAP. Because of applicant's relatively recent change of attitude with respect to alcohol and drugs, the panel concluded that he not be recommended for immediate admission, but that he be interviewed by the committee after September 1997. If no adverse matters then existed, applicant would be allowed to sit for the February 1998 bar examination.

{¶ 3} The board adopted the findings, conclusions, and recommendation of the panel.

_____

*John Chapman*, for the Cleveland/Cuyahoga County Bar Association Joint Admissions Committee.

*Mary L. Cibella*, for applicant.

_____

*Per Curiam.*

{¶ 4} We accept the findings and conclusions of the board, but believe that applicant should demonstrate his freedom from substance abuse for a longer period before being permitted to sit for the bar examination. We therefore order that applicant be permitted to reapply to take the July 1998 bar examination, to coincide with the approximate date of the conclusion of his two-year contract with OLAP.

*Judgment accordingly.*

MOYER, C.J., RESNICK, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

DOUGLAS and F.E. SWEENEY, JJ., dissent.

_____

**DOUGLAS, J., dissenting.**

{¶ 5} The panel had the opportunity to view the demeanor and sincerity of the applicant and to examine extensively those who were monitoring his progress. The panel was in a better position than we to determine whether and when the applicant should be permitted to sit for the bar examination. I would adopt the recommendation of the board and allow applicant after further evaluation and investigation to apply to sit for the February 1998 bar examination.

F.E. SWEENEY, J., concurs in the foregoing dissenting opinion.

————————————