**[This opinion has been published in *Ohio Official Reports* at 79 Ohio St.3d 157.]**

IN RE APPLICATION OF RUDOLPH.

**[Cite as *In re Application of Rudolph*, 1997-Ohio-296.]**

*Attorneys at law—Application to take Ohio Bar Examination denied—Applicant permitted to reapply to take the July 1998 bar examination.*

(No. 97-411—Submitted March 31, 1997—Decided June 25, 1997.)

ON REPORT of the Board of Commissioners on Character and Fitness of the Supreme Court, No. 148.

_____

{¶ 1} On January 31, 1996, Timothy J. Rudolph of Centerville, Ohio ("applicant") applied for admission to the practice of law in Ohio. On July 5, 1996, after personally interviewing the applicant, the Bar Examination and Qualifications Committee of the Dayton Bar Association ("committee") decided not to recommend him for admission to the bar of Ohio. The applicant appealed the committee's decision to the Board of Commissioners on Character and Fitness of the Supreme Court ("board"), and a panel of the board heard the matter on December 12, 1996.

{¶ 2} The panel found the committee's disapproval was based on applicant's minor but continuing brushes with the law. Further, Rudolph had a drinking problem, but has made commendable progress since the date of the committee's report. The panel recommended that the applicant be permitted to reapply for the July 1997 bar examination after further investigation and evaluation by the Dayton Bar Association.

{¶ 3} The board adopted the findings, conclusions, and recommendations of the panel.

_____

*James Fullenkamp* and *Robert L. Showalter*, for the Dayton Bar Association.

*Dennis Belli*, for applicant.

—————————————

*Per Curiam*.

{¶ 4} Applicant's problems with alcohol began in 1990; however, it was only in August 1996, after the July 1996 recommendation of the committee that he not be admitted to the bar, that the applicant began an alcohol rehabilitation program. Given applicant's six-year history of alcohol problems, we find that his rehabilitation should be tested over a period of time more extensive than the past eight months. Accordingly, applicant will be permitted to reapply to take the July 1998 bar examination subject to prior investigation and evaluation by the Dayton Bar Association.

*Judgment accordingly*.

MOYER, C.J., RESNICK, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

DOUGLAS and F.E. SWEENEY, JJ., dissent.

—————————————

**DOUGLAS, J., dissenting.**

{¶ 5} I would follow the recommendation of the board and allow applicant after further evaluation and investigation to apply to sit for the July 1997 bar examination.

F.E. SWEENEY, J., concurs in the foregoing dissenting opinion.

—————————————