**[This opinion has been published in *Ohio Official Reports* at 79 Ohio St.3d 153.]**

IN RE APPLICATION OF MITCHELL.

**[Cite as *In re Application of Mitchell*, 1997-Ohio-297.]**

*Attorneys at law—Application to take Ohio Bar Examination denied, when— Gov.Bar R. I(12)(C)(6), applied.*

(No. 97-408—Submitted March 31, 1997—Decided June 25, 1997.)

ON REPORT of the Board of Commissioners on Character and Fitness of the Supreme Court, No. 141.

_____

**{¶ 1}** On February 2, 1995, Scott A. Mitchell of Dayton, Ohio, applied for admission to the practice of law in Ohio. Two members of the Dayton Bar Association's Committee on Bar Examination and Qualifications ("committee") interviewed Mitchell and decided that he did not possess the requisite character and fitness to practice law in Ohio. The full committee interviewed Mitchell on December 13, 1995, and recommended disapproval of his admission to the practice of law. Mitchell appealed the committee's decision to the Board of Commissioners on Character and Fitness of the Supreme Court ("board"), and a panel of the board heard the matter on October 21, 1996.

**{¶ 2}** The panel found as follows: In 1989, Mitchell was convicted for the misuse of credit cards while a student at Miami University in Oxford, Ohio. In 1991, Mitchell was convicted of complicity to attempted forgery and was sentenced to six months' confinement, all but ten days of which was suspended. For that same incident, he was placed on probation by the university. In 1991, Mitchell was convicted of the attempted transport of an unloaded firearm, and in 1991, he was also charged with ticket scalping in California. There is an outstanding warrant for his arrest on this latter charge because he did not appear in the California courts. While in law school, Mitchell continued "on occasions" to operate a motor vehicle

even though his operator's license had been suspended. Mitchell also had several traffic citations in the Hamilton County courts for which he did not appear and which are still pending.

{¶ 3} Further, he has had several credit cards canceled for nonpayment, he could not support his allegation that he was voluntarily paying child support for his daughter, and he lied on his application to Texas Southern University Thurgood Marshall School of Law in 1992 by answering "no" to questions whether he had ever been placed on probation by an institution of learning and whether he had ever been convicted of a crime.

{¶ 4} By way of explanation, Mitchell pointed out that he made full restitution for the misuse of the credit cards and that because he could not afford a lawyer he pled "no contest" to the forgery charge which he believed was unwarranted. Mitchell said that he was unaware that he had made misstatements on his law school application form about the convictions and suspension during his time as a student at Miami. He believed that the convictions had been expunged and that the probation had been removed from his university record. He denied scalping tickets in California, stating that the attempted sale was for less than their face value. Now he does have a driver's license, and he has a credit service handling his debt defaults. Mitchell said that he assumed the charges based on traffic tickets were dismissed when his driver's license was suspended because they do not appear on the court's computer.

{¶ 5} Based on its findings and considering Mitchell's explanations, the panel concluded that Mitchell failed to demonstrate by clear and convincing evidence that he presently possesses the requisite character, fitness and moral qualifications to be allowed to practice law in Ohio. The panel recommended that he be permitted to reapply to take the July 1998 bar examination. As a part of any new application, he then must attach written evidence that he has satisfactorily addressed the panel's concerns about unresolved traffic violations and unresolved

2

matters relating to the charge against him in California. He must then also demonstrate that he has taken actions to deal with his outstanding indebtedness and to provide continuing support for his child.

{¶ 6} The board adopted the findings and conclusions of the panel, except that it recommended that Mitchell be permitted to reapply to take the February 1999 bar examination.

———————————

*Harry Beyoglides, Jr.,* for the Dayton Bar Association.
*Scott A. Mitchell, pro se*.

———————————

*Per Curiam*.

{¶ 7} Admission to the practice of law in Ohio requires the applicant run in "***to establish by clear and convincing evidence the applicant's present character, fitness and moral qualifications for admission to the practice of law in Ohio." Gov.Bar R. I(12)(C)(6). See *In re Application of Bower* (1992), 65 Ohio St.3d 429, 431, 605 N.E. 2d 6, 7.

{¶ 8} After reviewing the evidence, we agree with the findings and conclusions of the board. At this time, Mitchell has too many unresolved matters relating to his character and fitness to warrant being authorized to take the July 1998 bar examination. The additional delay recommended by the board will provide Mitchell with an opportunity to resolve these pending matters.

{¶ 9} We therefore adopt the recommendation of the board.

*Judgment accordingly.*

DOUGLAS, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

MOYER, C.J., COOK and LUNDBERG STRATTON, JJ.*,* concur in part and dissent in part.

———————————

**COOK, J., concurring in part and dissenting in part.**

{¶ 10} I would not permit Mr. Mitchell to reapply for admission to the practice of law in Ohio.

MOYER, C.J., and LUNDBERG STRATTON, J., concur in the foregoing opinion.

———————————