[This opinion has been published in *Ohio Official Reports* at 84 Ohio St.3d 274.]

IN RE APPLICATION OF KEMP.

[Cite as *In re Application of Kemp*, 1998-Ohio-550.]

*Attorneys at law—Application to take Ohio Bar Examination denied, when— Applicant permitted to reapply to take the February 2000 bar examination provided he proves by clear and convincing evidence that he has successfully undergone counseling and treatment for his alcohol-abuse condition and that alcohol abuse is no longer a problem in his life.*

(No. 98-1647—Submitted September 29, 1998—Decided December 30, 1998.)

ON REPORT of the Board of Commissioners on Character
and Fitness of the Supreme Court, No. 173.

_____

{¶ 1} On January 29, 1997, Robert L. Kemp of Lakewood, Ohio, applied for admission to the practice of law in Ohio. On June 10, 1997, after personally interviewing Kemp, the Bar Admissions Joint Committee of the Cuyahoga County and Cleveland Bar Associations recommended disapproval of his admission to the practice of law. On August 4, 1997, following an appeal hearing, the admissions committee upheld the disapproval based on Kemp's "history of alcohol related problems." Several members of the committee advised Kemp that he would benefit from a six-month alcohol counseling program. Kemp appealed the committee's decision to the Board of Commissioners on Character and Fitness of the Supreme Court ("board"), and a panel of the board heard the matter on January 6, 1998.

{¶ 2} The panel found that in 1985 and 1986, Kemp was arrested and convicted for driving while under the influence. In 1993, Kemp was arrested for criminal trespass and attempted burglary. These charges were subsequently dismissed and expunged from Kemp's record after he agreed to reimburse the homeowner for the property damage and was ordered to attend an alcohol

counseling program. In the 1993 incident, Kemp had consumed several alcoholic beverages while celebrating a Buffalo Bills football victory that guaranteed the team the home-field advantage for the playoffs. While walking from one bar to another, Kemp went behind a house and urinated in the backyard. When Kemp returned to the front of the house, he noticed a Christmas wreath on the front door with the Bills' logo on it. Kemp broke the window of the locked storm door, stole the wreath, and walked down the street with the wreath on his head. At the panel hearing as well as in his application for admission, Kemp attempted to minimize the seriousness of his behavior by emphasizing the significance of the Bills' victory, describing his conduct as "rambunctious," and claiming that the police "exaggerat[ed]" what had actually occurred.

{¶ 3} The panel further found that the court-ordered alcohol counseling that Kemp attended because of the 1993 incident resulted in the counselor's recommendation that he continue treatment in a recovering alcoholics program. Kemp, however, refused further treatment. At the hearing, as the panel concluded, Kemp "expended a great amount of time" challenging the counselor's statements and conclusions "[i]nstead of focusing on the fact that his behavior caused him to have to participate in the counseling program and showing remorse for his actions."

{¶ 4} Following the joint admissions committee's August 1997 appeal hearing, Kemp followed the recommendation of some of the committee members and sought alcohol counseling at the Unbar West Side Mental Health Center ("Unbar"). Unbar diagnosed Kemp as suffering from alcohol abuse and recommended intensive outpatient treatment. Unbar, however, released him from its program because he was not diagnosed an alcoholic. Kemp then participated in a different alcohol counseling program and advised the panel that he intended to complete the program. But Kemp left the program one month before its completion.

{¶ 5} The panel concluded that Kemp had an existing and untreated alcohol-abuse condition and that he did not presently have the requisite character, fitness, and moral qualifications to be allowed to practice law in Ohio. The panel recommended that Kemp be permitted to reapply to take the July 1999 bar examination. The panel further recommended that as part of any new application, Kemp must prove by clear and convincing evidence that he has successfully undergone counseling and treatment for his alcohol-abuse condition and that alcohol abuse is no longer a problem in his life.

{¶ 6} The board adopted the panel's findings and recommendation.

———————————

*Jay Hanson*, for the Bar Admissions Joint Committee of the Cuyahoga County and Cleveland Bar Associations.

*Robert L. Kemp, pro se*.

———————————

**Per Curiam.**

{¶ 7} In order to be admitted to the practice of law in Ohio, the applicant must establish by clear and convincing evidence his "present character, fitness, and moral qualifications for admission to the practice of law in Ohio." Go*v*.Bar R. I(12)(C)(6); *In re Application of Mitchell* (1997), 79 Ohio St.3d 153, 154, 679 N.E.2d 1127, 1128. Evidence of an existing and untreated chemical dependency reflects adversely on an applicant's present character, fitness, and moral qualifications. Gov.Bar R. I(11)(D)(3)(b).

{¶ 8} After reviewing the evidence, we adopt the findings of the board. Kemp's untreated and existing alcohol abuse prevents him from having the present character and fitness to be admitted to practice law in Ohio. We believe, however, that Kemp's continued lack of acknowledgement of the seriousness of his alcohol abuse and his repeated reluctance to participate in and complete alcohol counseling programs warrant a lengthier period than that recommended by the board before

Kemp is permitted to reapply for the bar examination. In this regard, Kemp conceded that he attended alcohol counseling programs only at the urging of others and not of his own volition. Like the applicant in *In re Application of Nemec* (1997), 79 Ohio St.3d 52, 53, 679 N.E.2d 685, 686, Kemp "should demonstrate his freedom from substance abuse for a longer period before being permitted to sit for the bar examination." See, also, *In re Application of Rudolph* (1997), 79 Ohio St.3d 157, 679 N.E.2d 1130, 1130-1131. Accordingly, Kemp shall be permitted to reapply to take the February 2000 bar examination upon the submission of the evidence specified by the board for his application.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

———————————